Tompkins, J.,
delivered the opinion of the Court.
Ralph sued for his freedom in the Circuit Court of St. Louis county, and judgment being given against him in that Court, he comes here to reverse that judgment.
On the trial of the cause it was testified by John Steele, that he had heard John Gordon, the former master of Ralph, say, in the year 1818 or 19, that he had been in the habit of hiring Ralph to work occasionally at the Ohio Saline from the year 1814 or 15, till the time of the conversation aforesaid. Witnesses were called to impeach Steele’s character for veracity, others were called to support it; and William Gordon, a witness on the part of the defendant himself, by his testimony, seemed to support that of Steele. William Gordon was asked by the defendant if he did not live near his brother John Gordon in the years 1815-16-17-18 and 19, and if he knew that his *140 brother hired Ralph at the Saline in those years : to which question he answered, that he lived in Jive miles of John in those years, he never knew of his (Ralph) being; hired by John Gordon at the Saline. The witness, to make the matter more certain, was asked, whether if John Gordon had hired Ralph at the Saline, he did not believe he should have known it. The answer was, “ I believe if John Gordon had hired him there I should have known it. I heard John Gordon say in his lifetime the negro hired his own time, and went to the Saline of its [his] own accord.” The object of the ordinance of 1787, was to prohibit the introduction of slaves into the Territory of which the present State of Illinois constitutes a part, and the master who permits his slave to go there to hire himself, offends against that law as much as one who takes his slave along with himself to reside there, and if we are at liberty to regard the moral effect of the act, it is much worse to permit the slave to go there to hire himself to. labor, than for the master to take him along with himself to reside there under his own inspection or to hire him out personally to some person who will be bound to pay the master the hire yet even this last act has been decided to be a violation of the provision of the ordinance. Abner Martin, one of the plaintiff’s witnesses, also testified that he was the nephew of John Gordon, (former owner, of Ralph,) that in 1831 he was 21 years old and that he recollected, when, he was. about seven years old, he had heard John Gordon say that Ralph was at work at the Ohio Saline. The witness stated that he h,ad spent much time in Gordon’s family, had no knowledge that Ralph was employed at the Saline, except from Gordons statements. Much other testimony was given to prove a hiring of the plaintiff at the Saline and at the lead mines near Galena in Illinois, some part of which time was since the defendant became the owner ;. but his assent was not expressly proved..
This testimony and some other not very material to he noticed, being given, the counsel for the defendant moved the Court to give six instructions, the sum and purport of which is as follows :
First. That the Constitution of Illinois takes date and was obligatory from the time it passed unless some other date is provided in the instrument.
Second. That the execuiion of a note by the defendant to the plaintiff as given in. evidence in this case does not operate a manumission of the plaintiff.
Third. That in order to entitle the plaintiff to recover in this suit, it must be proved that the defendant assented to his residence in lilinois.
These instructions were given.
The plaintiff prayed the Court to-instruct the jury that the Constitution of Illinois took effect on 3d December. 1818, when Congress assented to the admission of that State into the Union, and not before that time. This was refused- The plaintiff then prayed a new trial, which was refused- This Court is of opinion that the-instruction asked by the plaintiff should have been given, and that the first instruction asked by the defendant should have been refused.
We have no doubt that for the purposes of self government, the Constitution of Illinois might have been well in, force from the. time of its adoption; bat for the purpose of the present cause, we incline to. limit its effect to th.e time when Congress assented to the admission of the State into the Union.
It cannot be said that the second and third instructions asked by the defendant were improperly given ; but the evidence that the defendant gave his note to the plaintiff is certainly admissible to prove that the defendant treated with him as with a free man. Nor is it necessary to. prove that the assent either of Gordon the former claim- *141 ant, or of Duncan, the defendant, was expressly given to the residence in Illinois, by virtue of which the plaintiff claims his freedom. This assent may be inferred from circumstances. The motion for a new trial was, in the opinion of this Court, improperly overruled. Then for the reason that the first instruction asked by the defendant was, in the opinion of this Court, improperly given, and that asked by the plaintiff improperly refused, and because the plaintiff’s motion for a new trial was, in the opinion of this Court, improperly overruled, (there being, as we think, evidence enough to entitle the plaintiff to a verdict,) the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings in conformity with this opinion.